[No. 3967–6–III.   Division Three.   December 30, 1981.]

ELDO CARPENTER, *Appellant,* v. FRANKLIN
COUNTY ASSESSOR, *Respondent.*

*Richard H. Bennett,* for appellant.

*C. J. Rabideau, Prosecuting Attorney,* and *George E. Heidlebaugh, Deputy,* for respondent.

MUNSON, J.—Eldo Carpenter appeals the refusal by the Franklin County Superior Court to grant a writ of mandamus requiring the county assessor to assess, for taxation purposes, Franklin County farm land subject to federal irrigation easements. We affirm.

Much of the farm land in Franklin County is subject to easements reserved by the federal government for the benefit of the Columbia Basin Irrigation Project. The Franklin County Assessor determined that the encumbered portions of each fee interest were valueless. In determining tax for the blocks[1] of farm land in Franklin County, the assessor deducted from each landowner's total acreage the number of acres burdened by the federal easements.

A writ of mandamus may issue to compel the performance of an act "which the law especially enjoins as a duty resulting from an office, . . ." RCW 7.16.160. A county assessor is required to inspect and assign values to all real property in the county at least once every 4 years, RCW 84.41.030 and .041, pursuant to criteria stated in RCW 84.40.030. The values to be assigned are 100 percent of the land's fair and true value in money. *Twin Lakes Golf & Country Club v. King County,* 87 Wn.2d 1, 4, 548 P.2d 538 (1976). The assessor's valuation of property is presumed correct unless contradicted by clear, cogent and convincing evidence. RCW 84.40.0301. ·

We agree with Mr. Carpenter that an easement for irrigation ditches is within the broad definition of real property under RCW 84.04.090 and not within the definition of exempted property under RCW 84.36.210 (relating to state,

---

[1]The method of land description in the Columbia Basin Project is by farm units of platted blocks rather than by metes and bounds.

city, town, county or other municipal corporation easements). The irrigation easements are owned by the federal government, and are not included under RCW 84.36.210.

However, the Franklin County Assessor determined that land encumbered by these federal irrigation easements was valueless. For this reason the encumbered, valueless acreage was simply subtracted from the total acreage of a given block. In *Twin Lakes Golf & Country Club v. King County, supra,* a similar situation arose. There, a golf course was found to have no fair market value because of the heavy encumbrances upon it. The court stated at page 5: "When the use of land is so restricted that its ownership is of no benefit or value, the assessment for tax purposes should be nothing."

Here, there was no showing that the property encumbered by irrigation ditches had any value; certainly there was no showing of clear, cogent and convincing evidence, which is required to overturn an assessor's valuation. RCW 84.40.0301. Thus, Mr. Carpenter's argument that the Franklin County Assessor failed to assess this land has semantic value only. The assessor excludes the land from valuation as a shortcut method of determining the overall value of the farm land parcels. The availability of the irrigation water, which does enhance the remainder of the property, was considered and is reflected in the value of the property. If the value of the encumbered fee was zero, and if the value of the surrounding land was correct—both of which are presumed here in the absence of evidence to the contrary—the net effect on taxes was the same. No tax exemption was created by subtracting from total acreage the number of acres with no value; the assessor merely recognized the true valuation of the property. We find no error.

Dismissal of the writ of mandamus is affirmed.

GREEN, J., concurs.

ROE, A.C.J. (dissenting)—Even though it may result in

no increase in valuation and hence taxes, the assessor should follow the statute. RCW 84.36.005 provides that *all* property is subject to assessment. RCW 84.04.090 excludes only that where the fee is in the State, the United States, etc. No provision is made to exclude land subject to easements.

Admittedly, lands subject to private easements (which might be reduced in value) are still included in the tract assessed. There is no provision to exclude land over which the United States merely has an easement, and we should not approve. Other assessors include such land and so should the respondent, to be logical and consistent. The "shortcut" is not statutory.

Reconsideration denied January 19, 1982.

Review denied by Supreme Court April 28, 1982.